UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Regan Amato, et al.,                      Case No. 3:25-cv-1821

         Plaintiffs,

v.                                       ORDER

Fire Investigator Mark Montgomery, et al.,

         Defendants.

In response to my November 19, 2025 Order, Plaintiffs paid the required filing fee. (*See* Nov. 24, 2025 Financial Transaction). Therefore, I lift the stay of this civil action and deny as moot Plaintiff Regan Amato's application to proceed *in forma pauperis*. (Doc. No. 2).

With the stay lifted, the following pleading-related motions are ripe for decision, (*see* Doc. No. 14 at 2): (1) the October 10, 2025 motions to dismiss filed by Defendants City of Toledo, Toledo Fire and Rescue Department, Toledo Police Department, Mark Montgomery, and Investigator Kate Brown, (Doc. Nos. 8 and 9); (2) the October 14, 2025 motion for judgment on the pleadings filed by Defendants Lucas County, Ohio, Lucas County Sheriff's Office, Lucas County Prosecutor's Office, and Assistant Lucas County Prosecutor David J. Borell, (Doc. No. 11); and (3) the October 24, 2025 motion for an extension of time to file a First Amended Complaint filed by Plaintiffs. (Doc. No. 12).

Federal Rule of Civil Procedure 15 provides that "[a] party may amend its pleading once as a matter of course no later than ... 21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15(a)(1)(B).

Here, Plaintiffs filed their motion for an extension of time to file a First Amended Complaint fourteen days after the first motions to dismiss were filed. Therefore, keeping with the spirit of Rule 15(a)(1)(B), I conclude it appropriate to grant their motion for an extension and allow them to file their First Amended Complaint. The First Amended Complaint is considered to be filed as of the date of this Order – December 16, 2025 – and is now the operative complaint.[1] (*See* Doc. No. 15). Accordingly, I deny as moot Defendants' motions to dismiss Plaintiffs' initial Complaint and for judgment on the pleadings. (Doc. Nos. 8, 9, and 11). But because Plaintiffs' First Amended Complaint does not name as Defendants Toledo Fire and Rescue Department, Toledo Police Department, Lucas County Sheriff's Office, and Lucas County Prosecutor's Office, those parties are dismissed from this case. (*Compare* Doc. No. 10 at 1 *with* Doc. No. 15 at 1).

Having resoled this matter, I now turn to the motions and pleadings Defendants filed before I ruled on Plaintiff Regan Amato's application to proceed *in forma pauperis*, lifted the stay, and accepted the First Amended Complaint. I conclude each of these filings are premature and thus, deny the motions without prejudice and strike the Answer. (Doc. Nos. 17, 18, 19, 20, and 21).

In their Answer to the First Amended Complaint, the Lucas County Defendants' raise an affirmative defense that shows why Defendants' filings in this action thus far have been premature: the issue of service. In this Answer, the Lucas County Defendants assert "[s]ervice of the *Amended Complaint* was insufficient or improper." (Doc. No. 18 at 6). On a granular level, this defense shows why the Answer itself is premature. The First Amended Complaint was accepted for filing through this Order and could not have been "properly" served before this Order is filed.

---

[1] Plaintiffs filed this First Amended Complaint before their motion for an extension of time had been granted. Generally, such a pleading filed without leave would be stricken. But because of Plaintiffs' *pro se* status, I will excuse their procedural error for this filing. Any further amended complaint filed without leave will be stricken.

2

Looking at the bigger picture, the issue of who was responsible for service of process could not have been resolved before November 24, 2025, when Plaintiffs paid the filing fee. Before that time, Plaintiffs sought to proceed *in forma pauperis* under 28 U.S.C. § 1915. Had they been granted leave to do so, I would have ordered the United States Marshal to perfect service of process pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure. Because they no longer seek to proceed *in forma pauperis*, the issue of *who* must serve process is resolved – Plaintiffs are responsible for service of process. *See* Fed. R. Civ. P. 4.

Because there is nothing on the docket to indicate Plaintiffs sought issuance of summons to serve the Defendants of the original Complaint or the new Defendants to the First Amended Complaint, the service requirement can only be satisfied as to any Defendant who has waived service. For the foregoing reasons, I conclude the Defendants to the original Complaint waived service of process.

Rule 12(h)(1) provides:

A party waives any defense listed in Rule 12(b)(2)-(5) by:
- **(A)** omitting it from a motion in the circumstances described in Rule 12(g)(2); or
- **(B)** failing to either:
    - **(i)** make it by motion under this rule; or
    - **(ii)** include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

Fed. R. Civ. P. 12(h)(1). One of the defenses that is waived if not raised is that of "insufficient service of process." Fed. R. Civ. P. 12(b)(5).

All of the Defendants to the original Complaint filed either a motion to dismiss under Rule 12(b) or a responsive pleading (Answer) to the original Complaint. (Doc. Nos. 8, 9, and 10). In none of those documents did the Defendants to the original Complaint raise the defense of insufficient service of process. (*See generally id.*). Therefore, they waived that defense. In turn, because none of those Defendants were served or waived service under 4(d), they are indisputably

3

not in default for failing to appear. *See* Fed. R. Civ. P. 12(a) & 55. Accordingly, these Defendants need not be served with the First Amended Complaint under Rule 4. Fed. R. Civ. P. 5(a)(2). Instead, these Defendants, who are represented by counsel, will be considered to be served with the First Amended Complaint at the time this Order accepting the First Amended Complaint is filed. *See* Fed. R. Civ. P. 5(a)(1)(B), (b)(1), (b)(2)(E).

The same is not true for the Defendants to the First Amended Complaint who were not Defendants to the original Complaint. Like the Defendants to the original Complaint, the newly-added Defendants may waive service implicitly by declining to raise the defense of insufficient service of process in their Answer or Rule 12(b) motion. *See* Fed. R. Civ. P. 4(h)(1). But for any newly-added Defendant does not wave service, Plaintiffs must perfect service of process to comply with Rule 4. *See generally* Fed. R. Civ. P. 4.

In light of the discussion above, I order the following next steps:

1.) Defendants the City of Toledo; Mark Montgomery; Investigator Kate Brown; Lucas County, Ohio; and Assistant Lucas County Prosecutor David J. Borell shall respond to the Complaint no later than January 14, 2026;

2.) Should any Defendant file or seek to file to an Answer, I remind counsel that "not every 'document' attached to an answer is a 'written instrument' incorporated under Rule 10(c)." *Moody v. Kaczmarek*, No. 3:24-CV-18, 2024 WL 3345442, at *2 (N.D. Ohio July 8, 2024). Relatedly, should any Defendant file a Rule 12 motion that asks me to consider an exhibit they have filed, the Defendant(s) should set forth legal authority and argument showing why each subject exhibit may be considered at the Rule 12 stage without converting the motion to one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). To be clear, when deciding a Rule 12 motion, I cannot consider an exhibit merely because it is attached to an answer. *See Bassett v. Nat'l*

*Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (emphasis added) (When deciding a Rule 12 motion, the Court "may consider *the Complaint and any exhibits attached thereto*, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."). Relatedly, while counsel may set forth legal authority and argument to convince me otherwise with respect to a specific exhibit or exhibits, I remind counsel that "'[m]ost courts that have considered the issue have determined that police reports may not be considered as public records'" by a court deciding a Rule 12 motion. *Henson v. Lucas County Sheriff's Office*, No. 3:24 CV 2089, 2025 WL 2021393, at *5 (N.D. Ohio July 17, 2025) (quoting *Linden v. City of Lansing*, No. 1:13-cv-638, 2013 WL 6858459, at *3 (W.D. Mich. Dec. 30, 2013)).

3.) If Defendants Charles Roger Hall Jr., Mike Loisel, Julia R. Bates, Wade Kapszukiewicz, the State of Ohio, Mike Troendle, Allison Armstrong, Jeremy Vedra, and Daniel Gerken do not waive service, Plaintiffs shall serve each with process no later than March 16, 2026. That is, Plaintiffs shall serve each with: (1) the summons issued by the Clerk of Court for that respective Defendant; and (2) a copy of the First Amended Complaint. *See* Fed. R. Civ. P. 4. Plaintiffs must file proof of service with respect to each Defendant as soon as practicable but no later than April 7, 2026, showing Defendants were served by March 16, 2026. Any claim against any Defendant to the First Amended Complaint who has not waived service or been served by March 16, 2026 will be dismissed without prejudice. Fed. R. Civ. P. 4(m).

So Ordered.

                                                   s/ Jeffrey J. Helmick
                                                   United States District Judge