UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Regan Amato, *et al.*,                                                    Case No. 3:25-cv-1821

　　　　　Plaintiffs,

　　v.                                                                            MEMORANDUM OPINION
                                                                                    AND ORDER

Fire Investigator Mark Montgomery, *et al.*,

　　　　　Defendants.


## I.　　INTRODUCTION AND BACKGROUND

Plaintiffs Regan Amato and William J. Amato, proceeding *pro se*, filed suit against Defendants Mark Montgomery, Investigator Kate Brown, David Borell, Charles Roger Hall, Jr., Mike Loisel, Julia R. Bates, Wade Kapszukiewicz, the City of Toledo, Ohio, Lucas County, Ohio, the State of Ohio, Michael Troendle, Allison Armstrong, Jeremy Vedra, and Daniel Gerken, alleging violations of their rights under the United States Constitution as well as federal and Ohio law.  (Doc. No. 15).

Plaintiffs filed a motion for "an emergency anti-retaliation protective order to protect Plaintiffs and closely associated family members, witnesses, and supporters from ongoing intimidation, retaliatory prosecution, abuse of process, and interference with their participation in this federal civil-rights action."  (Doc. No. 57 at 1).  Plaintiffs seek relief pursuant to Federal Rule of Civil Procedure 26(c), "the Court's inherent authority to protect the integrity of its proceedings, the

All Writs Act, 28 U.S.C. § 1651(a), and the federal statutes safeguarding parties and witnesses from intimidation and retaliation, including 42 U.S.C. § 1985(2) and 18 U.S.C. § 1513." (*Id.*).[1]

Plaintiffs contend Defendants have engaged in a pattern of harassment and intimidation against them. They allege that in June 2025, unnamed officers with the Toledo Police Department "surrounded" William when he attempted to report wrongdoing by Montgomery arising out of an arson prosecution against Regan. (*Id.* at 2). Further, Plaintiffs allege that in August 2025, unnamed deputies with the Lucas County Sheriff's Office "surrounded" William, William's four-year-old grandson, and Minister Marquis L. Kimble when William attempted to make public records requests regarding Borell. (*Id.*). Both these incidents occurred prior to the filing of this lawsuit. (*See* Doc. No. 1).

Sometime in early 2026, Plaintiffs allege William was charged with contempt of court after a "FaceTime-style recording" William made in the second-floor lobby of the Toledo Municipal Court was posted on social media. (Doc. No. 57 at 2). Plaintiffs believe this prosecution is retaliatory because it was initiated "roughly six weeks after the recording incident," and approximately five weeks after Plaintiffs amended their complaint to name the State of Ohio as a defendant in this case. (*Id.* at 3).

Finally, Plaintiffs contend Borell has given William and Kimble "what Plaintiffs perceived as . . . hateful . . . [and] aggressive[]" stares, as well as interfered with the removal of Regan's ankle monitor by sheriff's deputies. (*Id.* at 3).

Plaintiffs represent they "are not asking this Court to micromanage unrelated state or municipal proceedings." (*Id.* at 5). Rather, they seek "an emergency anti-retaliation protective order providing that:

---

[1] Plaintiffs also refer to prohibitions against retaliation found in "[f]ederal criminal law," though they do not cite to any particular statutory provision and disclaim any intent to "ask this Court to decide criminal liability here." (Doc. No. 57 at 4).

> Defendants, their officers, agents, employees, attorneys, and all persons acting in concert with them are prohibited from initiating, encouraging, requesting, coordinating, or threatening any new criminal, contempt, quasi-criminal, probation, warrant, or municipal enforcement proceeding against Regan Amato, William J. Amato, Vincent Amato, Finn Amato, Spencer Frisella, or FCN Watchdog Media Associate Minister Marquis L. Kimble where the purpose or substantial effect is to retaliate for participation in this federal case, support of Plaintiffs, public criticism of official conduct, records requests, evidence gathering, or documentation of matters related to this action."

(*Id.*).

Plaintiffs also seek an order requiring Defendants to preserve all records related to them, as well as an order requiring Defendants to

> provide prompt written notice to this Court and to Plaintiffs of any attempt by Defendants or their agencies to initiate or request new charges, contempt proceedings, warrants, or other coercive process against any of the above-named individuals relating to the facts, events, speech, recordings, records requests, or litigation activities described in this action.

(*Id.* at 5-6).

## II.    DISCUSSION

### A.    PRO SE REPRESENTATION

As I noted above, Plaintiffs seek an order prohibiting Defendants from taking action against four individuals who are not parties to this lawsuit. Federal law permits parties to plead and conduct their case in person or through a licensed attorney. *See* 28 U.S.C. § 1654; *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). That statute, however, "does not permit plaintiffs to appear pro se where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (citation omitted). This rule "'protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent.'" *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) (quoting *Zanecki v. Health Alliance Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) (per curiam)). Section 1654, therefore, does not

3

allow for an unlicensed layperson to represent anyone in federal court other than himself or herself. *See Shepherd*, 313 F.3d at 970-71; *Eagle Assocs.*, 926 F.2d at 1308.

Plaintiffs are not licensed attorneys.  Therefore, they may not represent Vincent Amato, Finn Amato, Spencer Frisella, or Marquis L. Kimble, and I deny Plaintiffs' motion regarding these individuals.

**B.     RULE 26(C)**

Rule 26 provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken."  Fed. R. Civ. P. 26(c).  This Rule, by its plain text, does not apply to the circumstances of this case, and Plaintiffs do not cite to any caselaw in support of their argument that it does.[2]  Therefore, I conclude Plaintiffs failed to meet their burden to show they are entitled to relief pursuant to Rule 26(c).

**C.     INHERENT AUTHORITY AND THE ALL WRITS ACT**

Next, Plaintiffs assert I may grant their motion under the Court's inherent authority and the All Writs Act.  (Doc. No. 57 at 1).  I conclude neither offers a basis for Plaintiffs' requested relief.

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  "'[A] federal court does not have inherent power to ignore the limitations of § 2283 and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right . . . even when the interference is unmistakably clear.'"  *Kewadin Casinos Gaming Auth. v. Draganchuk*, 584 F. Supp. 3d 468, 475 (W.D. Mich. 2022) (quoting *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 149 (1988)).

---

[2]  Indeed, Plaintiffs do not cite any caselaw at all in support of their motion.  (*See generally* Doc. No. 57).  Moreover, the citations that appear in Plaintiffs' motion are unintelligible and appear to be the product of generative artificial intelligence.  (*See, e.g., id.* at 1) (citing "[web:11][web:16][web:36]").

While Plaintiffs assert an emergency protective order is necessary to protect their "efforts to gather evidence," (Doc. No. 57 at 4), they fail to demonstrate why the discovery procedures contained within the Federal Rules of Civil Procedure are insufficient to accomplish the same end. Moreover, Plaintiffs' conclusory assertion that "ordinary after-the-fact remedies are inadequate" is unpersuasive. (*Id.*). If Defendants intentionally conceal or destroy evidence, they would be subject to a spoilation order related to that evidence. If Defendants were to violate Plaintiffs' constitutional rights during the pendency of this litigation, Plaintiffs have a sufficient remedy through a § 1983 lawsuit.

Plaintiffs fail to meet their burden to show that the Court's "inherent authority" in these circumstances is not cabined by § 2283. Therefore, they are not entitled to relief on this basis.

Nor does the All Writs Act apply here. That Act permits federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act provides relief only "to parties who lack an adequate alternative remedy." *Chambers v. Cassady*, 639 F. App'x 400 (8th Cir. 2016) (per curiam) (citing *In re Montes,* 677 F.2d 415, 416 (5th Cir. 1982) (per curiam)). As I noted above, Plaintiffs have an available, adequate alternate remedy if they believe their constitutional rights have been violated during the pendency of this case. I deny their emergency motion on this ground as well.

**D.  42 U.S.C. § 1985(2) and 18 U.S.C. § 1513**

Finally, Plaintiffs argue they are entitled to relief pursuant to two federal statutes.

I begin with § 1985(2), which Plaintiffs contend "protects parties and witnesses in federal court against conspiracies to deter attendance or testimony by force, intimidation, or threat, and also reaches injury inflicted because a party or witness has attended or testified." (Doc. No. 57 at 4). But Plaintiffs do not allege, much less offer evidence to show, Defendants have taken any action or issued any threat to "deter" them or any witness from providing testimony or attending any

proceedings in this litigation.  Without this required evidence, Plaintiffs cannot show they are entitled to relief under § 1985(2).  *See, e.g., Kush v. Rutledge*, 460 U.S. 719, 724 (1983) (noting the first portion of § 1985(2) applies to "federal judicial proceedings").

Nor does § 1513 provide a basis for relief.  That section makes it a federal crime for anyone to kill, attempt to kill, cause bodily injury to, or damage the property of a witness or party with the intent to retaliate against that person for testifying or otherwise participating in an official court proceeding or criminal investigation.  *See* 18 U.S.C. § 1513(a)-(b).  Plaintiffs have not offered any legal support for their assertion that this statute provides a right to an "emergency protective order" in civil litigation.  Therefore, I deny their motion on this basis as well.

### E.    LIMITATION ON FILING

Rule 11(b) provides that "[b]y presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."

Fed. R. Civ. P. 11(b).  A party who violates Rule 11(b) may be subject to sanctions.  *See* Fed. R. Civ. P. 11(c).

Moreover, "[a] district court may also sanction litigants who have 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons' pursuant to its 'inherent powers.'" *McKenna v. Nestle Purina PetCare Co.*, No. C2-05-976, 2011 WL 14418, at *3 (S.D. Ohio Jan. 3, 2011) (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45 (1991)).  District court have "the authority to issue an injunctive order to prevent prolific litigants from filing pleadings without first obtaining court approval to do so." *Marbly v. Wheatley*, 87 F. App'x 535, 536 (6th Cir. 2004) (citing *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 269 (6th Cir. 1998), and *Filipas v. Lemons,* 835 F.2d 1145, 1146 (6th Cir. 1987)).  This authority, including the power to award attorney fees to an opposing party, arises from "a court's inherent power to police itself, thus serving the dual purpose of 'vindicat[ing] judicial authority without resort to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy.'" *Chambers,* 501 U.S. at 46 (quoting *Hutto v. Finney*, 437 U.S. 678, 690 n.14 (1978) (abrogation on other grounds recognized by *Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz,* 601 U.S. 42, 56 (2024))).

As I noted above, Plaintiffs did not cite to a single opinion from any court in support of their arguments in their motion.  Nor does it appear they conducted "an inquiry reasonable under the circumstances" before filing their motion, as each of their contentions are easily disproven.  Fed. R. Civ. P. 11(b)(2).  *See also Hegazy v. USCIS Officers*, No. 25-10470, 2026 WL 661957, at *2 n.1 (E.D. Mich. Mar. 9, 2026) ("A plaintiff's pro se status does not excuse noncompliance with Rule 11 nor shield litigants from the consequences of submitting legally deficient filings.").

Further, Plaintiffs' emergency motion does not represent their first apparent failure to read or comply with the Federal Rules of Civil Procedure.  On two separate occasions, Plaintiffs have sought to delay resolution of Defendants' Rule 12 motions so that they can conduct discovery.  (*See* Doc. Nos. 45 and 48).  But a Rule 12 motion "tests the sufficiency of the complaint's allegations before discovery." *Plaster v. Washington*, No. 1:23-CV-591, 2024 WL 1446598, at *7 (W.D. Mich.

7

Feb. 8, 2024), *report and recommendation adopted,* No. 1:23-CV-591, 2024 WL 1229903 (W.D. Mich.

Mar. 22, 2024) (citing *Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013), and *Yuhasz v.*

*Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003)).  Plaintiffs are "not entitled to discovery

before [resolution of] a motion to dismiss," and even cursory pre-filing legal research would have

revealed that legal principle to them.  *Kolley*, 725 F.3d at 587.

Plaintiffs also filed 360 pages of what they describe as "supplemental exhibits" to their first

amended complaint, nearly all of which appear to contain legal analysis conducted by a generative

artificial intelligence tool.  (*See* Doc. Nos. 54 through 54-7).  These exhibits were filed approximately

four and half months after Plaintiffs' first amended complaint, (*see* Doc. No. 15), were not

referenced in or contemplated by the first amended complaint, and would materially alter that

pleading.  Rule 15(a) requires Plaintiffs to obtain the opposing party's consent or leave of court

before amending their pleading, and Plaintiffs did not attempt to obtain either.  *See* Fed. R. Civ. P.

15(a)(2).

As other courts in this Circuit have noted:

> Any person proceeding pro se who repeatedly makes frivolous and/or abusive filings
> abuses the right to represent herself without counsel and imposes a heavy burden
> upon the resources of the court at the expense of other litigants with potentially
> meritorious claims.  Simply put, this conduct is not appropriate and should not be
> tolerated.

*Qiu v. Anderson Cnty., Ky. Bd. of Educ.*, No. 3:21-CV-00027-GFVT-MAS, 2026 WL 473343, at *4

(E.D. Ky. Feb. 19, 2026) (quoting *Wesley v. Accessible Home Care*, Civil Action No. 5:18-200-DCR,

2018 WL 6424691 at *3, (E.D. Ky. Dec. 6, 2018)).

Plaintiffs have made repeated filings that lack any legal merit.  This conduct strains limited

judicial resources and imposes unnecessary costs on Defendants.  Therefore, I order that Plaintiffs

are restricted from making further filings in this case without first obtaining leave of court.  Plaintiffs

may move for leave to file a motion or other document by first filing a one-page motion succinctly

describing the content and purpose of, and providing relevant legal support for, the proposed filing. Further, I order the Clerk of Court to refuse to accept for filing any document for which Plaintiffs have not obtained leave to file.  Plaintiffs' brief in response to Defendants' joint motion to strike, (Doc. No. 55), is exempted from this filing restriction.

### III.    CONCLUSION

For the reasons stated above, I conclude Plaintiffs Regan Amato and William J. Amato failed to carry their burden to show they are entitled to an emergency protective order.  Therefore, I deny their motion.  (Doc. No. 57).  I also deny Plaintiffs' motion for an order requiring Defendants to preserve documents and other records related to the events underlying this litigation, as federal law already imposes those obligations.  (*Id.*).

I also order that Plaintiffs are restricted from making any further filings in this case, with the exception of a brief in response to Defendants' joint motion to strike that adheres to the rules of this Court, without first obtaining leave of court as described in this Memorandum Opinion and Order.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

9